IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| GREATAMERICA LEASING CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN BROTHERS ACADEMY, <br><br> Defendant. | C 11-65 <br><br> ORDER |

This matter is before the court on defendant's resisted Motion to Dismiss, filed September 12, 2011. Briefing concluded October 12, 2011.[1] Denied.

Plaintiff GreatAmerica Leasing Corporation, Inc. (GreatAmerica), an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, brings this action seeking damages for breach of contract against defendant Christian Brothers Academy (CBA), a New Jersey corporation with its principal place of business in Lincroft, New Jersey. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Plaintiff asserts that the parties entered eight lease agreements with defendant, and that defendant breached all the agreements by failing to make required payments on some of them. Each agreement provides for the application of Iowa law, that any dispute thereunder will be adjudicated in the federal or state court located in Cedar Rapids, Iowa, that the lessee consents to

---

[1] Notices regarding additional related authority were filed on October 11, 2011, November 14, 2011, and December 13, 2011.

personal jurisdiction and venue in such courts, and that the lessee waives any right to transfer venue.

Defendant CBA seeks dismissal pursuant to the doctrine of forum non conveniens, and pursuant to FRCP 12(b)(3) for improper venue. By way of background, defendant asserts that it leased 29 copiers from GreatAmerica through New Jersey resident and nonparty Dan Valerio, most of which were not delivered or never existed. Defendant asserts that the lease agreements were signed by a CBA employee who was without authority to enter the agreements. Defendant ceased making lease payments to plaintiff. On June 7, 2011, defendant filed an action against plaintiff and others in the state courts of New Jersey, seeking in part to determine the validity of the agreements entered into by plaintiff and defendant. On June 16, 2011, plaintiff filed the instant action. On October 21, 2011, the Superior Court of New Jersey granted GreatAmerica's Motion to Dismiss in that action with prejudice, holding that the forum selection clauses in the lease agreements are valid, and that CBA failed to meet any of the burdens which would support an exception to the enforcement of those clauses. On November 10, 2011, CBA appealed that decision, and on December 2, 2011, the Superior Court of New Jersey Appellate Division denied CBA's Motion for Leave to Appeal.

In reviewing a motion to dismiss based upon forum non conveniens, the court must first decide whether an alternative forum exists. Piper Aircraft v. Reyno, 454 US 235, 254 n. 22 (1981). In K-V Parmaceutical Co. v. J. Uriach &

CIA, S.A., 648 F3d 588 (8th Cir. 2011), the Court noted the doctrine of forum non conveniens allows a court to decline to exercise jurisdiction and dismiss a case where that case would more appropriately be brought in another jurisdiction. The decision is based upon evaluation of private and public interest factors set forth by the Supreme Court:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining attendance of the willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained....
>
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having local controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Gulf Oil Corp. v. Gilbert, 330 US 501, 504, 508-09 (1947).

As noted in K-V Pharmaceutical Co., supra, the doctrine is to be applied only in exceptional circumstances, the defendant has the burden of persuasion of all elements necessary to dismiss a claim based on forum non conveniens, and

unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Id. at 597-598 (citations omitted).

Defendant urges that there exists an adequate alternative forum in the courts of New Jersey, and that plaintiff need only file a counter-claim in the (now dismissed) New Jersey action to have its claims heard.

As to private interest factors, defendant asserts that with the exception of one, all witnesses reside in New Jersey, and that access to documents, witnesses, and the cost of obtaining attendance of witnesses would be easier in New Jersey. As to public interest factors, defendant asserts that almost all relevant actions took place in New Jersey, therefore New Jersey law should govern the action, and therefore the matter should be heard in New Jersey. Defendant further asserts that it has claims against nonparty Valerio, that he is a necessary party, and a resident of New Jersey.

With regard to its assertion that venue is improper in the Northern District of Iowa, defendant asserts that it is not a citizen of Iowa, and all alleged events or omissions occurred in New Jersey, and the New Jersey action (now dismissed) is identical to this action.

In resistance to defendant's contention as to forum non conveniens, plaintiff asserts that there are at least 22 named witnesses who are current and former GreatAmerica employees, and located in Iowa. Plaintiff urges that considering the long relationship between the parties, and multiple transactions involved, many GreatAmerica employees have significant relevant knowledge pertaining to the

4

leases. Plaintiff asserts that there exists no allegation as to the unavailability of any New Jersey witnesses, and that there exist alternative means of procuring and presenting any such testimony. As to documentary evidence, plaintiff urges all original contracts are located in Cedar Rapids, as well as all account records, and that in any event, the location of documentary evidence is entitled to little weight, whether the documents are located in New Jersey or Iowa. Plaintiff further asserts that Valerio is not a necessary party, not a party to the leases, claims no interest therein, and CBA has made no showing that Valerio is unavailable for the purpose of providing any testimony. Moreover, plaintiff urges that Iowa has substantial interest in the dispute as the home of a party, there exist valid forum selection clauses in the leases, the leases were performed in part in Iowa, the leases provide for the application of Iowa law, and that venue is proper in Iowa under the plain language of the leases.

As to defendant's contention of improper venue, plaintiff urges the contracts have the foregoing noted connections to the forum, as well as presumptively valid forum selection clauses containing waiver of any right to transfer venue.

Without regard to the New Jersey Superior Court's dismissal of the New Jersey action with prejudice (docket #'s 10-1, 11-1), and the New Jersey Superior Court Appellate Division's denial of CBA's Motion for Leave to Appeal, upon review in accordance with the applicable standards, and without regard to the forum selection clause urged by defendant to be invalid due to claimed fraud in the factum, it is the court's view that the location of witnesses and evidence is in

relative equipoise, and defendant has not identified public interest factors that weigh in favor of a New Jersey forum. Defendant has not come forward with a showing of exceptional circumstances necessary to invoke the doctrine of forum non conveniens. Moreover, upon this record demonstrating a substantial part of the events or omissions giving rise to plaintiff's breach of contract claim occurred in Iowa, the court is satisfied that venue is proper in the Northern District of Iowa.

It is therefore

ORDERED

Denied.

March 15, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT